UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RICHARD HUROWITZ,                          :      Case No. 05 CV 10298 (GBD)

             Plaintiff,                 :

                                         :

v.                                         :      **Filed Electronically**

SSR PARTNERS, L.P., STEVEN HUROWITZ        :
and ROBERT CORNFELD,
                                         :

             Defendant(s).               :

                                         :
------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## <u>COUNTS II, IV, V AND VI OF THE COMPLAINT</u>

FRIEDMAN KAPLAN SEILER
& ADELMAN LLP

Eric Seiler (ES 5437)
Mala Ahuja Harker (MH 7176)
1633 Broadway
New York, NY 10019
(212) 833-1100
(212) 833-1250 (fax)

*Attorneys for Defendants Steven Hurowitz, Robert
Cornfeld and SSR Partners, L.P.*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................... 4

ARGUMENT ........................................................................................................ 6

I.      COUNT II FAILS TO STATE A CLAIM FOR CONVERSION ...................... 6

        A.      Plaintiff Cannot Assert a Claim for Conversion of Assets When He
                Has No Claim of Ownership or Right to Possession ............................... 6

        B.      A Claim Based Upon the Alleged Misappropriation of Partnership
                Assets Must Be Brought as an Action for Accounting, and Cannot
                Be Stated As a Claim For Conversion ...................................................... 8

II.     COUNT IV MUST BE DISMISSED BECAUSE PLAINTIFF HAS NEITHER
        ALLEGED THE NECESSARY ELEMENTS FOR FRAUD NOR
        SATISFIED THE REQUIREMENTS OF RULE 9(B) ..................................... 10

        A.      Plaintiff's Fraud Claim Fails As a Matter of Law Because He Has
                Failed to Allege Reliance Upon Any Misrepresentations or Omissions by
                Defendant Hurowitz or That He Suffered Any Injuries As a Result ..................... 10

        B.      Plaintiff Has Not Set Forth the Circumstances of the Alleged Fraud With
                Particularity as Required by Rule 9(b) ................................................... 11

III.    COUNTS V AND VI MUST BE DISMISSED BECAUSE PLAINTIFF
        HAS FAILED TO ALLEGE FACTS TO SUPPORT CLAIMS FOR
        AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY
        OR FRAUDULENT MISAPPROPRIATION AGAINST CORNFELD ................. 12

        A.      No Claim For Aiding and Abetting Can Stand In the Absence
                of a Viable Claim for the Underlying Fraud .......................................... 12

        B.      Plaintiff's Claims Against Cornfeld Are Legally Insufficient Because
                He Has Not Alleged that Cornfeld Provided Substantial
                Assistance to the Fundamental Acts of Wrongdoing Alleged
                in the Complaint ...................................................................................... 13

        C.      Nor Has Plaintiff Alleged that Cornfeld Had Actual Knowledge
                of the Underlying Alleged Fraud or Breach of Fiduciary Duty ................. 15

IV.     PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES ........................................17

        A.      Plaintiff Cannot Base His Claim for Punitive Damages Upon the
                Legally Deficient Claims in Counts II, IV, V and VI of the Complaint................17

        B.      Even if Plaintiff had Alleged a Viable Independent Tort, No
                Punitive Damages Can be Awarded on Any of Plaintiff's
                Claims Because Defendants' Conduct Is Not Alleged to Be
                Directed at the Public Generally ..........................................................................18

        C.      Plaintiff's Claim for Punitive Damages is Also Barred Because
                Defendants' Alleged Conduct is Not Marked by "Wanton
                Dishonesty" and a "High Degree of Moral Turpitude" ........................................19

CONCLUSION..................................................................................................................................20

# TABLE OF AUTHORITIES

*Page(s)*

## CASES

*Ackerman v. Nat'l Prop. Analysts, Inc.,*
  887 F. Supp. 494 (S.D.N.Y. 1992) ........................................15

*Asdourian v. Konstantin,*
  93 F. Supp. 2d 296 (E.D.N.Y. 2000) ........................................9

*Bassett v. Amer. Meter Co.,*
  249 N.Y.S.2d 815, 20 A.D.2d 956 (N.Y. App. Div. 4th Dep't 1964) ....................9

*Bill Marek's The Comp. Edge, Inc. v. Mickelson Grp., Inc.,*
  806 N.E.2d 280 (Ill. App. Ct. 2004) ........................................7

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.,*
  148 F. Supp. 2d 321 (S.D.N.Y. 2001)........................................6

*Caballero v. Anselmo,*
  759 F. Supp. 144 (S.D.N.Y. 1991) ........................................19

*Cantor Fitzgerald, Inc. v. Lutnick,*
  313 F.3d 704 (2d Cir. 2002)........................................6

*City of New York v. Coastal Oil New York, Inc.,*
  1999 WL 493355 (S.D.N.Y. July 12, 1999) ........................................18

*Clifford v. Hughson,*
  992 F. Supp. 661 (S.D.N.Y. 1998) ........................................10

*Crigger v. Fahnestock & Co. Inc.,*
  2003 WL 22170607 (S.D.N.Y. Sept. 18, 2003)........................................18

*Cromer Finance Ltd. v. Berger,*
  137 F. Supp. 2d 452 (S.D.N.Y. 2001)........................................13, 14

*Dalury v. Rezinas,*
  170 N.Y.S. 1045, 183 A.D. 456 (N.Y. App. Div. 1st Dep't 1918)
  aff'd 229 N.Y. 513, 129 N.E.2d 896 (N.Y. 1920) ........................................9

*Dubai Bank, Ltd. v. Joshi,*
  1989 WL 168088 (S.D.N.Y. Aug. 29, 1989)........................................18

*Dubai Islamic Bank v. Citibank,*
  256 F. Supp. 2d 158 (S.D.N.Y. 2003)........................................18

*Ehrlich v. Hambrecht,*
    800 N.Y.S.2d 345, 2005 WL 356495
    (N.Y. Sup. Ct. Jan. 4, 2005)...................................................................7, 8

*Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,*
    95 F.3d 153 (2d Cir. 1996)..................................................................17

*Fairman v. Hurley,*
    373 F. Supp. 2d 227 (W.D.N.Y. 2005)..................................................19

*Feerick v. Arthur Young & Co.,*
    715 F. Supp. 1234 (S.D.N.Y. 1989).......................................................8

*Fezzani v. Bear Stearns & Co., Inc.,*
    384 F. Supp. 2d 618 (S.D.N.Y. 2004)..............................................10, 11

*Filler v. Hanvit Bank,*
    339 F. Supp. 2d 553 (S.D.N.Y. 2004)
    *aff'd* 2005 WL 3270944 (2d Cir. Dec. 2, 2005)...............................13, 16

*Fraser v. Doubleday & Co., Inc.,*
    587 F. Supp. 1284 (S.D.N.Y. 1984)................................................19, 20

*Friedman v. Arizona World Nurseries Ltd. Ptrshp.,*
    730 F. Supp. 521 (S.D.N.Y. 1990)
    *aff'd* 927 F.2d 594 (2d Cir. 1991).......................................................13

*Fromer v. Yogel,*
    50 F. Supp. 2d 227 (S.D.N.Y. 1999)....................................................13

*Gagliardi v. Village of Pawling,*
    18 F.3d 188 (2d Cir. 1994)....................................................................6

*Gross v. Gross,*
    112 N.Y.S. 790, 128 A.D. 429 (N.Y. App. Div. 1st Dep't 1908)............9

*Hawkins v. Greenville,*
    594 S.E.2d 557 (S.C. Ct. App. 2004)....................................................7

*In re Sharp Int'l Corp.,*
    403 F.3d 43 (2d Cir. 2005)..................................................................14

*JHW Greentree Capital, L.P. v. Whittier Trust Co.,*
    2005 WL 3008452 (S.D.N.Y. Nov. 10, 2005)......................................16

*Kaufman v. Cohen*,
    760 N.Y.S.2d 157, 307 A.D.2d 113
    (N.Y. App. Div. 1st Dep't 2003) ...............................................14, 15, 16

*Kelly v. L.L. Cool J*,
    145 F.R.D. 32 (S.D.N.Y. 1992)
    *aff'd* 23 F.3d 398 (2d Cir. 1994).............................................................11

*Kleban v. S.Y.S. Rest. Mgmt., Inc.*,
    929 F. Supp. 294 (N.D. Ill. 1996) ............................................................7

*Lerner v. FNB Rochester Corp.*,
    841 F. Supp. 97 (W.D.N.Y. 1993) ..........................................................13

*Mega Tech Int'l Corp. v. Miller Elec. Mfg. Co.*,
    1997 WL 790750 (S.D.N.Y. Dec. 23, 1997) .........................................12

*Mercado v. Playa Realty Corp.*,
    2005 WL 1594306 (E.D.N.Y. July 7, 2005).........................................12

*Morin v. Trupin*,
    711 F. Supp. 97 (S.D.N.Y. 1989) ...........................................................15

*New York Univ. v. Cont. Ins. Co.*,
    639 N.Y.S. 2d 283, 662 N.E.2d 763 (N.Y. 1995)...........................17, 19

*Newberger, Loeb & Co., Inc. v. Gross*,
    563 F.2d 1057 (2d Cir. 1977)
    *cert. denied* 434 U.S. 1035 (1978) .........................................................9

*Primavera Familienstiftung v. Askin*,
    1996 WL 494904 (S.D.N.Y. Aug. 30, 1996)........................................13

*Rocanova v. Equit. Life Assur. Soc.*,
    612 N.Y.S.2d 339, 634 N.E.2d 940 (N.Y. 1994)..................................17

*Schlaifer Nance & Co. v. Estate of Andy Warhol*,
    119 F.3d 91 (2d Cir. 1997)......................................................................10

*Scholastic Inc. v. Harris*,
    1999 WL 1277246 (S.D.N.Y. Nov. 29, 1999)........................................7

*Schonfeld v. Hilliard*,
    218 F.3d 164 (2d Cir. 2000)....................................................................19

*Sohon v. Rubin*,
　　122 N.Y.S.2d 439, 282 A.D. 691
　　(N.Y. App. Div. 1st Dep't 1953) ..................................................9

*TVT Records v. Island Def Jam Music Grp.*,
　　412 F.3d 82 (2d Cir. 2005)........................................................18

*Walker v. Sheldon*,
　　223 N.Y.S. 2d 488, 179 N.E. 2d 497 (N.Y. 1961)................................17

*W.S.A., Inc. v. ACA Corp.*,
　　1998 WL 635536 (S.D.N.Y. Sept. 15, 1998).......................................19

*Williams v. Sandman*,
　　187 F.3d 379 (4th Cir. 1999) ......................................................7

*Wynn v. AC Rochester*,
　　273 F.3d 153 (2d Cir. 2001)........................................................10

## STATUTES

FED. R. CIV. P. 9(b) ...........................................................1, 10, 11, 13

FED. R. CIV. P. 12(b)(6)..........................................................1, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD HUROWITZ,                                    :
                                                     :  Case No. 05 CV 10298 (GBD)
                    Plaintiff,                       :
                                                     :
v.                                                   :  **Filed Electronically**
                                                     :
SSR PARTNERS, L.P., STEVEN HUROWITZ                  :
and ROBERT CORNFELD,                                 :
                                                     :
                    Defendant(s).                    :
                                                     :
-----------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## COUNTS II, IV, V AND VI OF THE COMPLAINT

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure,

Defendants Steven Hurowitz ("SH"), Robert Cornfeld ("Cornfeld") and SSR Partners, L.P.

("SSR" or the "Partnership") (collectively, Defendants) respectfully submit this Memorandum of

Law in support of their Motion to Dismiss Counts II, IV, V and VI of the Complaint, as well as

any claim for punitive damages for failure to state a claim upon which relief may be granted and

failure to plead with particularity.[1]

## PRELIMINARY STATEMENT

Plaintiff Richard Hurowitz is a limited partner in SSR and the brother of SH, who

serves as general partner of the Partnership. The Complaint filed by plaintiff purports to assert

claims against SH and Cornfeld for the allegedly improper transfer of funds totaling $1,290,000

---

[1] The remaining substantive counts of the Complaint purport to assert claims against SH for breach of fiduciary duty
(Count I) and breach of the Partnership Agreement (Count III).

from SSR to Consolidated Electric Construction, Inc. ("Consolidated" or the "Company"), a company wholly owned and controlled solely by Monte Hurowitz, the father of plaintiff and SH, during the fall of 2002 and mid-2004.

Ultimately, plaintiff will be unable to succeed on any of the claims asserted in the Complaint, because each is based on a fundamentally flawed factual premise, which Defendants will refute fully at the appropriate time. Yet, even accepting the allegations in the Complaint for purposes of this motion to dismiss, plaintiff's claims for conversion, fraud, aiding and abetting fraud, aiding and abetting a breach of fiduciary duty and punitive damages fail now as a matter of law.

Plaintiff's claims are based on the alleged loan by SSR to Consolidated of $1,290,000, which Consolidated purportedly "still owes to SSR," along with interest. (Cpl. ¶¶ 37, 38.) According to plaintiff, at the time the funds were transferred to Consolidated, both SH and Cornfeld were aware that Consolidated was suffering from serious financial difficulties and was mired in debt. (*Id.* ¶¶ 25, 36.) SH and Cornfeld are alleged to have orchestrated the allegedly fraudulent diversion of funds from SSR in order to enable Consolidated to repay outstanding debts the Company owed to Cornfeld. (*Id.* ¶ 29.)

Accepting the allegations of the Complaint at face value, Counts II (conversion), IV (fraud), V (aiding and abetting breach of fiduciary duty) and VI (aiding and abetting fraudulent misappropriation) fail to set forth any legally sufficient claim.

- Plaintiff cannot assert a claim for conversion of assets that he admittedly did not own or control. Moreover, New York law prohibits a limited partner in an active partnership from bringing an action for conversion seeking damages. The proper

remedy for an alleged misappropriation of partnership assets is an equitable claim for accounting.

- Plaintiff's claim for fraud based upon the alleged omission of facts concerning the transfer of funds from SSR to Consolidated is similarly flawed. Even assuming that SH had any duty to disclose such information to plaintiff, plaintiff has not alleged, and indeed cannot allege, the required elements that: (a) he actually relied upon any such omitted information, and (b) suffered damages as a result.

- The claims for aiding and abetting a breach of fiduciary duty and aiding and abetting fraudulent misappropriation asserted against Cornfeld are also deficient. First, no claim for aiding and abetting can stand when a viable claim for the underlying fraud has not been alleged. Further, each of the aiding and abetting claims depends upon allegations that Cornfeld had actual, as opposed to constructive, knowledge of the alleged breach of fiduciary duty or fraud allegedly carried out by SH. The Complaint does not allege that Cornfeld had any such actual knowledge. Nor does the Complaint assert that Cornfeld provided substantial assistance to the underlying primary wrongdoing or that plaintiff suffered any injury as a result of Cornfeld's conduct.

- Finally, plaintiff's demand for punitive damages in connection with each of the substantive counts in the Complaint is unwarranted. Punitive damages are reserved for circumstances in which defendants have engaged in egregious conduct aimed at the public generally, not the type of family business dispute that plaintiff here attempts to dress up as a claim sounding in fraud and breach of fiduciary duty.

# STATEMENT OF FACTS[2]

This action was originally commenced by plaintiff in state court, and was subsequently removed to federal court by Defendants. Plaintiff and his siblings, Stephanie Hurowitz Steinberg and SH, formed SSR in 1989 in order to invest in works of art. (Cpl. ¶¶ 7, 8.) Steven Hurowitz is the general partner of the Partnership, while the other two siblings, including plaintiff, are limited partners. (*Id.* ¶ 8.) Each has an equal one-third interest in the Partnership. (*Id.* ¶¶ 7-8.)

Plaintiff's claims against SH and Cornfeld arise from the transfer of the aggregate amount of $1,290,000 from the Partnership to Consolidated. SH allegedly procured a line of credit for SSR from Union Bank of Florida with the assistance of Cornfeld in mid-September 2002 for the purpose of transferring or loaning money to Consolidated. (*Id.* ¶¶ 13-14.) The credit line was secured by a painting owned by the Partnership entitled *Pater*, by Jean-Michel Basquiat. (*Id.* ¶¶ 9, 15.) The credit line was also personally guaranteed by Cornfeld. (*Id.* ¶ 16.) Between September 19, 2002 and October 28, 2002, SH is alleged to have transferred or caused to be transferred to Consolidated the "specific amount of $990,000" using funds from the Union Bank credit line. (*Id.* ¶¶ 18, 20-24.) According to the Complaint, SH and Cornfeld obtained the credit line to funnel money to Consolidated in order to allow the Company to repay debts owed to Cornfeld. (*Id.* ¶¶ 14, 27.) Plaintiff alleges that the "purpose of the Credit Line" had "no legitimate connection to any partnership business of SSR." (*Id.* ¶ 17.)

When the Partnership was unable to repay the credit line upon its maturity date in October 2003, SH caused the Basquiat painting that had been pledged as security for the loan to

---

[2] Defendants recite these facts as alleged in the Complaint for purposes of this motion to dismiss. In doing so, Defendants do not admit the truth or validity of any of plaintiff's allegations.

be sold.  (*Id.* ¶ 31.)  The Basquiat painting was sold at public auction in May 2004 and SSR received $1.3 million from the sale.  (*Id.* ¶ 32.)  After the bulk of the sale proceeds were used to repay the bank, the balance of $300,000 was allegedly transferred to Consolidated.  (*Id.* ¶¶ 33-34.)  According to the Complaint, the Company is obligated to repay the Partnership $1,290,000 plus interest, and has not made any payments to date.  (*Id.* ¶¶ 37-38.)

      The Complaint also alleges that additional works of art previously owned by the Partnership, with an alleged fair market value of approximately $1 million, have been transferred to Monte Hurowitz at their original cost basis of $240,000.  (*Id.* ¶¶ 40-41.)  The Complaint acknowledges that title to these works of art was transferred in order to pay down interest obligations on debts owed by the Partnership to Monte Hurowitz.  (*Id.* ¶ 42.)

      Plaintiff purports to assert claims against SH for breach of fiduciary duty (Count I), conversion (Count II), breach of contract (Count III) and fraud (Count IV).  Against Cornfeld, plaintiff alleges claims for aiding and abetting breach of fiduciary duty (Count V) and aiding and abetting fraudulent misappropriation (Count VI).  The Complaint seeks damages from SH and Cornfeld, including punitive damages for each of the claims set forth in Counts I through VI.  Plaintiff also seeks judicial dissolution of SSR (Count VII), which is merely a nominal defendant – no relief is sought against the Partnership.

# ARGUMENT

Dismissal is warranted under Rule 12(b)(6) where, after construing any well-pleaded factual allegations in the Complaint in favor of the plaintiff "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191 (2d Cir. 1994) (internal citations omitted). While the allegations in the Complaint must generally be accepted as true, the court need not give credence to "plaintiff's conclusory allegations" of fact or law. *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). Each of the claims asserted against Defendants SH and Cornfeld in Counts II, IV, V and VI, as well as the claims for punitive damages are fatally flawed and should be dismissed for failure to state a claim for relief. In addition, Counts IV and VI should be dismissed for the independent reason that they fail to satisfy the rigorous pleading standards of Rule 9(b), which requires that all claims based in fraud be alleged with particularity.

## I. COUNT II FAILS TO STATE A CLAIM FOR CONVERSION

### A. Plaintiff Cannot Assert a Claim for Conversion of Assets When He Has No Claim of Ownership or Right to Possession

The tort of conversion is the "exercise of unauthorized dominion over the property of another in interference with a plaintiff's legal title or superior right of possession." *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 328 (S.D.N.Y. 2001). A plaintiff asserting a claim for conversion must allege that he had "ownership, possession or control" of the property in question prior to the alleged conversion. *Id.* Here, plaintiff has not alleged that he had any right to control or possess the $990,000 transferred from SSR's account to Consolidated during September and October 2002. Nor has he alleged any right to possession or control over the $300,000 transferred to Consolidated after the sale of the Basquiat painting in

6

2004.[3] Indeed, the Complaint clearly asserts that these funds were "assets of SSR" (Cpl. ¶ 5) and "SSR's specific cash proceeds." (*Id.* ¶ 29.)

With no claim of ownership or right to control the assets allegedly converted, plaintiff cannot bring an action for conversion. *Ehrlich v. Hambrecht*, 800 N.Y.S.2d 345, 2005 WL 356495, at *6-7 (N.Y. Sup. Ct. Jan. 4, 2005) (dismissing claim for conversion of asset belonging to corporation in which plaintiff was 50% shareholder); *see also Williams v. Sandman*, 187 F.3d 379, 383 (4th Cir. 1999) (affirming judgment as matter of law for defendants on conversion claim by limited partner where funds allegedly converted belonged to partnership, and absent dividend, did not belong to plaintiff); *Scholastic Inc. v. Harris*, 1999 WL 1277246, at *12 (S.D.N.Y. Nov. 29, 1999) (dismissing joint venturer's claim for conversion where funds allegedly converted were property of joint venture, not plaintiff individually); *Kleban v. S.Y.S. Rest. Mgmt., Inc.*, 929 F. Supp. 294, 304 (N.D. Ill. 1996) (dismissing claim by limited partner for conversion of partnership assets because assets belonged to the partnership, not the plaintiff).[4]

In *Ehrlich*, the plaintiff was a fifty-percent shareholder in a corporation, EBCA, which collected management fees from an investment fund partnership in which plaintiff and defendant were also both partners. Plaintiff brought an action for breach of contract, unjust enrichment, conversion and breach of fiduciary duty seeking punitive damages after the defendant entered into agreements without the plaintiff's knowledge transferring EBCA's right to receive management fees paid by the investment fund to another entity. *Ehrlich v.*

---

[3] Plaintiff does not appear to allege that the transfer of other works of art previously owned by the Partnership to Monte Hurowitz at their original cost basis constitutes fraud or conversion of Partnership assets. (Cpl. ¶¶ 40-42.)

[4] As in New York, the law of South Carolina (applied in *Williams*) and the law of Illinois (*Kleban*) require that a plaintiff asserting a claim for conversion have an actual right to control or possession of the property allegedly converted. *Hawkins v. Greenville*, 594 S.E.2d 557, 566 (S.C. Ct. App. 2004) (South Carolina); *Bill Marek's The Comp. Edge, Inc. v. Mickelson Grp., Inc.*, 806 N.E.2d 280, 285 (Ill. App. Ct. 2004) (Illinois).

*Hambrecht*, 2005 WL 356495, at *3. In granting the defendant judgment as a matter of law on the conversion claim, the court noted that the asset allegedly converted – the contract pursuant to which EBCA was paid management fees – was a corporate asset and did not belong to the plaintiff. *Id.* at *6-7. And, as here, the plaintiff had failed to allege that any assets or property allegedly converted actually belonged to him, rather than EBCA, the corporation in which he held an interest. *Id.* Nor was there any allegation that the defendant had assumed possession of the plaintiff's shares in the corporation or that the plaintiff's interest in the corporation was actually transferred or converted. *Id.* at *7. The court rejected any argument that the plaintiff's conversion claim could be based on the decrease in value of his shares in the corporation caused by the improper transfer of a corporate asset. *Id.* With no allegation that plaintiff actually held an ownership interest in the assets allegedly converted, or that the plaintiff suffered actual damages as a result of the alleged conversion, the court concluded that the "fundamental elements of conversion have simply not been satisfied." *Id.* The same reasoning applies here.

The facts as alleged in the Complaint make plain that the funds transferred to Consolidated were owned by the Partnership. Plaintiff has not and cannot claim that he was entitled to possession or control of the assets allegedly converted, an essential element of his conversion claim, and Count II must therefore be dismissed.

**B.** **A Claim Based Upon the Alleged Misappropriation of Partnership Assets Must Be Brought as an Action for Accounting, and Cannot Be Stated As a Claim For Conversion**

It is well-settled law in New York, that a limited partner cannot bring an action for conversion against a general partner for alleged misappropriation of partnership assets. *Feerick v. Arthur Young & Co.*, 715 F. Supp. 1234, 1236-7 (S.D.N.Y. 1989) (claim for conversion fails when property allegedly converted belongs to partnership, not individual

partner). "If one partner betrays his trust and converts to his own use partnership property, he incurs the usual liability that one partner incurs to another respecting partnership affairs – i.e., to be held liable in an accounting; but he *cannot be sued by the other partner for damages in an action for conversion.*" *Dalury v. Rezinas*, 170 N.Y.S. 1045, 1049, 183 A.D. 456, 460 (N.Y. App. Div. 1st Dep't 1918) *aff'd* 229 N.Y. 513, 129 N.E. 896 (N.Y. 1920) (emphasis added); *Bassett v. Amer. Meter Co.*, 249 N.Y.S.2d 815, 816, 20 A.D.2d 956, 957 (N.Y. App. Div. 4th Dep't 1964) (recognizing rule that partner who converts partnership property to his own use "cannot be sued by the other partner for damages in an action for conversion," but is limited to equitable action for accounting); *Sohon v. Rubin*, 122 N.Y.S.2d 439, 440, 282 A.D. 691 (N.Y. App. Div. 1st Dep't 1953) (same); *Gross v. Gross*, 112 N.Y.S. 790, 792, 128 A.D. 429 (N.Y. App. Div. 1st Dep't 1908) (misuse of partnership property is not actionable as conversion, but must be addressed through accounting); *see also Newberger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1076 n.23 (2d Cir. 1977) *cert. denied* 434 U.S. 1035 (1978) (recognizing rule, but allowing suit for conversion after partnership was terminated); *Asdourian v. Konstantin*, 93 F. Supp. 2d 296, 298 (E.D.N.Y. 2000) (acknowledging rule and permitting conversion claim only after showing that partnership had ended).

Thus, plaintiff is barred from asserting a claim for damages against SH for alleged conversion of partnership assets under New York law, and is limited to an equitable action for accounting, which has not been asserted in the Complaint.

9

## II. COUNT IV MUST BE DISMISSED BECAUSE PLAINTIFF HAS NEITHER ALLEGED THE NECESSARY ELEMENTS FOR FRAUD NOR SATISFIED THE REQUIREMENTS OF RULE 9(B)

### A. Plaintiff's Fraud Claim Fails As a Matter of Law Because He Has Failed to Allege Reliance Upon Any Misrepresentations or Omissions by Defendant Hurowitz or That He Suffered Any Injuries As a Result

In order to state a claim for fraud, a plaintiff must allege: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001); *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 119 F.3d 91, 98 (2d Cir. 1997).

Nowhere in the Complaint does plaintiff allege that SH made any knowingly false misrepresentations. Rather, the claim for fraud asserted in Count IV appears to be based upon SH's alleged omission of facts concerning the transfers of funds from SSR to Consolidated, and the Company's financial condition at the time the transfers. But even assuming that SH failed to disclose facts to plaintiff that he had a duty to disclose, the Complaint lacks any allegation that plaintiff actually relied upon the resulting misinformation and suffered damages as a result. Significantly, plaintiff has not claimed that he was induced to take any action or refrained from acting as a result of the alleged omissions by SH. A claim of fraud based upon an omission is legally insufficient when a plaintiff fails to allege that he would have acted differently if the information had been revealed or that the nondisclosure caused him harm. *Clifford v. Hughson*, 992 F. Supp. 661, 670 (S.D.N.Y. 1998).

The only action plaintiff is alleged to have taken is to join the Partnership at its inception in 1989. (Cpl. ¶¶ 7-8.) Clearly, he could not have relied upon omissions by SH which allegedly occurred in 2002 and 2004 when deciding to join SSR in 1989. *Fezzani v. Bear*

*Stearns & Co., Inc.*, 384 F. Supp. 2d 618, 639 (S.D.N.Y. 2004) (no reliance where alleged

misrepresentations or omissions occurred after plaintiff acted). Thereafter, plaintiff is not

alleged to have taken any action (or refrained from acting) as a result of SH's alleged omission

of information regarding the transfers of funds to Consolidated.

Tellingly, the Complaint does not assert that SH or the Partnership sought

plaintiff's consent before obtaining the credit line from Union Bank, pledging the Basquiat

painting as security, transferring funds to Consolidated or selling the painting. Plaintiff's

consent was not required as a prerequisite to the Partnership or SH taking any of these steps.

Plaintiff cannot claim that he would have acted differently had he known the facts allegedly

withheld by SH; he was never called upon to act. Therefore, even if given the opportunity to

replead, plaintiff could not allege reliance upon SH's alleged misrepresentations.

### B. Plaintiff Has Not Set Forth the Circumstances of the Alleged Fraud With Particularity as Required by Rule 9(b)

Plaintiff's claim for fraud is also deficient because it fails to satisfy the

requirements of Rule 9(b), which provides that "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P.

9(b); *Kelly v. L.L. Cool J*, 145 F.R.D. 32, 38 (S.D.N.Y. 1992) *aff'd* 23 F.3d 398 (2d Cir. 1994).

In particular, the Complaint asserts that during September and October 2002, the

period during which the aggregate sum of $990,000 was transferred to Consolidated, "SH knew

that Consolidated was insolvent and unable to pay its debts." (Cpl. ¶ 25.) Plaintiff then claims

vaguely that "SH deceitfully omitted and failed to disclose material facts to RH." (*Id.* ¶ 26.)

Similarly, after describing the transfer to Consolidated of $300,000 from the sale proceeds of the

Basquiat painting in 2004, the Complaint alleges only that "SH deceitfully omitted and failed to

disclose these material facts to RH." (*Id.* ¶¶ 32-35.) What material facts did SH omit to disclose? The possibilities are left to the imagination. These generic and unspecific allegations fall woefully short of the requirements of Rule 9(b).

Even under a liberal reading of the rule, plaintiff must at a minimum allege "the time, place, content of the false misrepresentation, facts misrepresented, identity of maker of the misrepresentation and what was obtained" as a consequence of the fraud. *Mercado v. Playa Realty Corp.*, 2005 WL 1594306, at *13 (E.D.N.Y. July 7, 2005) (dismissing fraud claim for failure to plead with particularity where only general allegations of misstatements were alleged); *Kelly v. L.L. Cool J*, 145 F.R.D. at 38 (same). Merely reciting the elements of a fraud claim, without setting forth supporting factual allegations, is insufficient to satisfy the requirements of Rule 9(b). *Mega Tech Int'l Corp. v. Miller Elec. Mfg. Co.*, 1997 WL 790750, at *4 (S.D.N.Y. Dec. 23, 1997). Here, there is simply nothing in the Complaint that would explain what information SH had a duty to disclose to plaintiff, what specific information he deliberately withheld, and what sort of reliance by plaintiff SH intended to induce by not disclosing the information. These glaring flaws in plaintiff's pleading should not be countenanced, and Count IV should be dismissed.

## III. COUNTS V AND VI MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE FACTS TO SUPPORT CLAIMS FOR AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY OR FRAUDULENT MISAPPROPRIATION AGAINST CORNFELD

### A. No Claim For Aiding and Abetting Can Stand In the Absence of a Viable Claim for the Underlying Fraud

In order to adequately plead a claim for aiding and abetting fraud under New York law, plaintiff must plead facts showing: (1) the existence of a fraud; (2) defendant's knowledge of the fraud; and (3) that the defendant provided "substantial assistance" to advance

the commission of the fraud. *Filler v. Hanvit Bank*, 2005 WL 3270944, at *3 (2d Cir. Dec. 2, 2005); *Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001). In addition, as with the underlying claim for fraud, this claim for aiding and abetting must also satisfy the requirements of Rule 9(b). *Filler*, 2005 WL 3270944, at *3 (affirming dismissal of claim for aiding and abetting fraud for failure to plead with particularity); *Fromer v. Yogel*, 50 F. Supp. 2d 227, 247-8 (S.D.N.Y. 1999) (dismissing claim for failure to plead with particularity).

Count VI fails as a matter of law against Cornfeld for the simple reason that plaintiff has not stated a valid cause of action for the primary fraud, upon which the aiding and abetting claim is dependent. *Friedman v. Arizona World Nurseries Ltd. Ptrshp.*, 730 F. Supp. 521, 533 n.5 (S.D.N.Y. 1990) (failure to properly allege primary fraud dictates dismissal of aiding and abetting claim); *Primavera Familienstiftung v. Askin*, 1996 WL 494904, at *22 (S.D.N.Y. Aug. 30, 1996) (dismissing clam for aiding and abetting fraud when primary fraud claim was deficient); *Lerner v. FNB Rochester Corp.*, 841 F. Supp. 97, 103 (W.D.N.Y. 1993) (same). For the reasons set forth in Section II, plaintiff has not stated a valid claim for the underlying fraud. This reason alone compels the dismissal of the claim for aiding and abetting fraud asserted against Cornfeld.

### B. Plaintiff's Claims Against Cornfeld Are Legally Insufficient Because He Has Not Alleged That Cornfeld Provided Substantial Assistance to the Fundamental Acts of Wrongdoing Alleged in the Complaint

In order to satisfy the necessary elements of his aiding and abetting claims, plaintiff must allege facts to support the claim that Cornfeld knowingly took steps to substantially assist the primary wrongdoing alleged in the Complaint.[5] A defendant provides

---

[5] The necessary elements for plaintiff's claim of aiding and abetting a breach of fiduciary duty (Count V) are similar to those required for the claim for aiding and abetting fraudulent misappropriation. In order to state a legally

13

"substantial assistance" or "participation" when his affirmative acts "proximately cause the harm on which the primary liability is predicated." *Cromer*, 137 F. Supp. 2d at 470. Here, none of the acts attributed to Cornfeld "proximately caused" the transfer of assets away from SSR – the crux of the harm alleged in the Complaint.

In particular, Cornfeld is alleged to have "advised and conspired with SH in connection with [SH's] breach of fiduciary duties…and in SH's conversion" of funds from SSR to Consolidated to enable the Company "to pay off debt owed to Cornfeld" (Cpl. ¶ 29) by:

- loaning money to Consolidated, the company owned by SH's father (*id.* ¶ 12);

- "assist[ing] SH in securing the Credit Line" that was used to obtain the $990,000 transferred from SSR to Consolidated, and providing a personal guarantee for the credit line (*id.* ¶¶ 14, 16); and

- his awareness of and participation in the pledge of the Basquiat painting as security for the credit line. (*Id.* ¶ 15.)

None of these specific acts proximately resulted in the transfer or diversion of assets away from SSR. Obtaining the line of credit from Union Bank certainly did not deplete the Partnership's assets. Likewise, simply securitizing the line of credit with the Basquiat painting did not harm SSR, as the bank never foreclosed upon its security interest. And the fact that the painting was ultimately sold because the Partnership could not pay its debts had nothing to do with Cornfeld. Aside from having insufficient cash to repay the bank, SSR was unable to satisfy its outstanding obligations to Monte Hurowitz (*Id.* ¶¶ 31, 42), and the painting would have been sold in any event. Therefore, in helping to obtain and securitize the Partnership's line

sufficient claim for aiding and abetting a breach of fiduciary duty, plaintiff must allege: (1) a breach by a fiduciary of obligations to another; (2) that the defendant knowingly induced or participated in the breach; and that (3) plaintiff suffered damages as a result of defendant's conduct. *In re Sharp Int'l Corp.*, 403 F.3d 43, 49-50 (2d Cir. 2005); *Cromer*, 137 F. Supp. 2d at 470; *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169, 307 A.D.2d 113, 125 (App. Div. 1st Dep't 2003).

of credit, Cornfeld no more aided and abetted a fraud or breach of fiduciary duty than did Union Bank. Cornfeld cannot have provided "substantial assistance" to SH's alleged fraud or breach of fiduciary duty because nothing he is alleged to have done made it any harder or easier for the Partnership to divert assets to Consolidated.

Likewise, although the Complaint alleges that the Partnership borrowed money in order to enable Consolidated to pay Cornfeld, even if true, this contention cannot form the basis for aiding and abetting liability. Cornfeld could not have believed that SH breaching his fiduciary duties to SSR was a "direct and forseeable result" of his original loan to Consolidated. *Morin v. Trupin*, 711 F. Supp. 97, 112 (S.D.N.Y. 1989) (dismissing aiding and abetting claim, noting that plaintiff must allege its injury was a "direct and forseeable result" of the alleged conduct of aider/abettor).

Moreover, the Complaint asserts only that the Partnership has suffered as a result of the alleged conversion of SSR's assets to Consolidated. Plaintiff has failed to identify *any* injury he has sustained personally as a result of the alleged wrongdoing, let alone any connection between injuries he has suffered and Cornfeld's alleged actions. *Ackerman v. Nat'l Prop. Analysts, Inc.*, 887 F. Supp. 494, 508 (S.D.N.Y. 1992) (requiring allegation of connection between the plaintiff's injury and the aider and abettor's conduct). As such, the aiding and abetting claims cannot survive a motion to dismiss.

### C. Nor Has Plaintiff Alleged that Cornfeld Had Actual Knowledge of the Underlying Alleged Fraud or Breach of Fiduciary Duty

To satisfy the elements of "knowing participation" or "substantial assistance" necessary for each of the aiding and abetting claims, plaintiff must also allege that Cornfeld had actual knowledge of SH's breach of fiduciary duty and fraud. *Kaufman*, 760 N.Y.S. 2d at 169-

70, 307 A.D.2d at 125-6 (affirming dismissal of claim for aiding and abetting breach of fiduciary duty where plaintiff failed to adequately allege knowledge of the wrongdoing); *JHW Greentree Capital, L.P. v. Whittier Trust Co.*, 2005 WL 3008452, at *10 (S.D.N.Y. Nov. 10, 2005) (dismissing claim for aiding and abetting fraud for failure to sufficiently allege actual knowledge of fraud); *see also Filler v. Hanvit Bank*, 339 F. Supp. 2d 553, 558-9 (S.D.N.Y. 2004) *aff'd* 2005 WL 3270944 (2d Cir. Dec. 2, 2005). Constructive knowledge of a breach of duty or the underlying fraud is not enough to sustain aiding and abetting liability. Nor will merely conclusory allegations of knowledge of the underlying wrongs suffice. *Kaufman*, 760 N.Y.S. 2d at 169-70, 307 A.D.2d at 125-6.

The Complaint does not contain a single factual allegation to support the theory that Cornfeld was actually aware that SH was breaching a fiduciary duty or committing fraud. Rather, plaintiff offers only the sweeping and conclusory allegation that SH had the "substantial assistance and knowing participation of defendant Cornfeld" in breaching his fiduciary duties by "convert[ing] the assets of SSR." (Cpl. ¶ 5.) Looking beyond this talismanic recitation of the required standard, and examining the specific allegations concerning Cornfeld, it is clear that no credible claim of "knowing participation" in SH's alleged breach of duty or fraud can be made.

Cornfeld is alleged to have known details concerning the structure of the Partnership's financing arrangement with Union Bank (*id.* ¶¶ 14-17), and the alleged purpose of the loan. (*Id.* ¶ 29.) At most, when viewed in the light most favorable to plaintiff, these allegations suggest only that Cornfeld perhaps should have inferred that SH was breaching a fiduciary duty to the limited partners of SSR. But constructive knowledge is plainly insufficient to impose aiding and abetting liability under New York law. *Kaufman*, 760 N.Y.S. 2d at 169-70, 307 A.D. 2d at 125-6; *JHW Greentree Capital*, 2005 WL 3008452, at *10.

## IV.    PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

### A.    Plaintiff Cannot Base His Claim for Punitive Damages Upon the Legally Deficient Claims in Counts II, IV, V and VI of the Complaint

When a claim for punitive damages is based upon defendants' alleged wrongful conduct "constituting, accompanying, or associated with" a breach of contract, a plaintiff must demonstrate that the conduct is: (1) actionable as an independent tort; and (2) "sufficiently egregious under the *Walker* standard" to warrant the imposition of exemplary damages; (3) directed at the plaintiff; and (4) part of a pattern directed at the public generally. *Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F. 3d 153, 160-61 (2d Cir. 1996); *New York Univ.*, 639 N.Y.S. 2d at 287, 662 N.E.2d at 767. Under the *Walker* standard, conduct is sufficiently egregious to warrant the imposition of punitive damages when it involves a "'high degree of moral turpitude' and demonstrat[es] 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'" *Evergreen*, at 160 (*citing Walker v. Sheldon*, 223 N.Y.S.2d 488, 179 N.E.2d 497 (N.Y. 1961)). Here, all of plaintiff's claims are inextricably linked to the alleged breach of contract resulting from the transfer of assets from SSR to Consolidated. Therefore, each of these requirements for punitive damages must be satisfied.

For the reasons set forth and explained in the preceding sections, each of plaintiff's claims for conversion, fraud, aiding and abetting breach of fiduciary duty and aiding and abetting fraud fails as a matter of law. When no legally sufficient tort claim can be sustained, a claim for punitive damages cannot lie. *New York Univ. v. Cont. Ins. Co.*, 639 N.Y.S. 2d 283, 290, 662 N.E.2d 763, 770 (N.Y. 1995); *Rocanova v. Equit. Life Assur. Soc.*, 612 N.Y.S. 2d 339, 344-5, 634 N.E.2d 940, 945-6 (N.Y. 1994) (request for punitive damages is "parasitic and possesses no viability" absent its attachment to a viable tort claim).

**B.** **Even if Plaintiff had Alleged a Viable Independent Tort, No Punitive Damages Can be Awarded On Any of Plaintiff's Claims Because Defendants' Conduct Is Not Alleged to Be Directed at the Public Generally**

Punitive damages may not be awarded where there is no allegation that defendants' conduct was part of a pattern of harm directed at the public generally. Therefore, even if this Court were to conclude that plaintiff has stated claims in Counts II, IV, V or VI sufficient to withstand a motion to dismiss, no punitive damages can be awarded on *any* of plaintiff's claims. *TVT Records v. Island Def Jam Music Grp.*, 412 F. 3d 82, 93-95 (2d Cir. 2005) (dismissing punitive damages on breach of contract claim for failure to allege public harm); *Dubai Islamic Bank v. Citibank*, 256 F. Supp. 2d 158, 168 (S.D.N.Y. 2003) (disallowing claim for punitive damages for aiding and abetting breach of fiduciary duty and fraud where there was no allegation that defendant's conduct was "part of a pattern of similar conduct directed at the public generally"); *Crigger v. Fahnestock & Co.*, 2003 WL 22170607, at *14 (S.D.N.Y. Sept. 18, 2003) (no punitive damages may be awarded, even on a properly stated fraud claim, where fraud was not aimed at public generally); *City of New York v. Coastal Oil New York, Inc.*, 1999 WL 493355, at *14-15 (S.D.N.Y. July 12, 1999) (punitive damages not available on fraud and breach of contract claims where plaintiff failed to allege defendant's wrongful conduct was directed at the public generally). *See also Dubai Bank, Ltd. v. Joshi*, 1989 WL 168088, at *3 (S.D.N.Y. Aug. 29, 1989) (claim for misappropriation of partnership funds styled as breach of fiduciary duty claim did not provide basis for punitive damages because it "merely set forth a claim for breach of the partnership agreement," and not an independent tort).

Here, punitive damages are unavailable for any of plaintiff's claims because the Complaint is devoid of any allegation that defendants' conduct had the intention or effect of harming the general public.

**C.** **Plaintiff's Claim for Punitive Damages is Also Barred Because Defendants'
Alleged Conduct is Not Marked by "Wanton Dishonesty" and a "High
Degree of Moral Turpitude"**

The purpose of punitive damages is "not to remedy private wrongs but to

vindicate public rights." *W.S.A., Inc. v. ACA Corp.*, 1998 WL 635536, at *2 (S.D.N.Y. Sept. 15,

1998). Punitive damages are available only in the most exceptional circumstances where it is

necessary to "deter defendant and others like it from engaging in conduct that may be

characterized as 'gross' and 'morally reprehensible.'" *New York Univ.*, 639 N.Y.S. 2d at 287,

662 N.E. 2d at 767.

Here, Defendants' alleged wrongful conduct is a far cry from that evidencing a

"high degree of moral turpitude" and "wanton dishonesty," as is required in order to justify the

imposition of punitive damages. Under New York law, punitive damages are simply not

available for the "garden-variety" type of fraud claim alleged by plaintiff here. *Fairman v.

Hurley*, 373 F. Supp. 2d 227, 234-5 (W.D.N.Y. 2005) (punitive damages are not available in

personal feud where there was not high threshold of moral culpability); *Schonfeld v. Hilliard*,

218 F.3d 164, 184 (2d Cir. 2000) (dismissing punitive damages for fraud and breach of fiduciary

duty where alleged conduct was not "sufficiently egregious or willful to warrant the imposition

of exemplary damages); *Caballero v. Anselmo*, 759 F. Supp. 144, 153-4 (S.D.N.Y. 1991)

(plaintiff is not entitled to punitive damages for conversion where defendant's actions do not

evidence the "requisite malice, reckless and willful disregard for plaintiff's rights, or aggravation

caused by evil intentions"); *Fraser v. Doubleday & Co, Inc.*, 587 F. Supp. 1284, 1288 (S.D.N.Y.

1984) (no punitive damages available for conversion where no allegation that defendant acted

with malice or reckless disregard of plaintiff's rights).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

this motion to dismiss Count II and Counts IV through VI of the Complaint, as well as any claim

for punitive damages.

Dated: January 11, 2006

FRIEDMAN KAPLAN SEILER
& ADELMAN LLP

By: Eric Seiler (ES 5437)
Mala Ahuja Harker (MH 7176)
1633 Broadway
New York, New York 10019
(212) 833-1100
(212) 833-1250 (fax)

*Attorneys for Defendants Steven Hurowitz, Robert
Cornfeld and SSR Partners, L.P.*